IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRIS JACOBS,

                Plaintiff,

v.

MIKE HILLE,

                Defendant.

OPINION and ORDER

25-cv-728-jdp

---

Plaintiff Chris Jacobs, proceeding without counsel, is incarcerated at Columbia Correctional Institution. Jacobs brings this lawsuit seeking injunctive relief ordering prison staff to make him copies of a portion of his proposed criminal appeal or provide him with a legal loan so that he may pay for the copies. Jacobs has not submitted the $405 filing fee, so I infer that he seeks leave to proceed without full prepayment of the filing fee under 28 U.S.C. § 1915, also known as "in forma pauperis" status.

But Jacobs has "struck out" under 28 U.S.C. § 1915(g). That provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, Jacobs has brought actions or appeals that were dismissed because they were frivolous or malicious or they failed to state a claim upon which relief may be granted. *See Jacobs v. Gerber*, 403 F. App'x 67, 70 (7th Cir. 2010) (discussing Jacobs's strikes). Therefore, he cannot proceed without prepayment of the entire filing fee

unless I conclude that his allegations show that he is in imminent danger of serious physical injury.

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Jacobs's allegations don't meet the imminent-danger standard. Therefore he is barred from proceeding in forma pauperis on his claims. I will dismiss this case without prejudice. If Jacobs pays the filing fee by the deadline set below, I will reopen the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Chris Jacobs is DENIED leave to proceed in forma pauperis under 28 U.S.C. § 1915(g).

2. This case is DISMISSED without prejudice, subject to being reopened if Jacobs submits the $405 filing fee for this case by October 7, 2025.

Entered September 4, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge